IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SRBISLAV STANOJEVICH,

      Petitioner,

v.                                                                                                    No. MC-05-18 MV

UNITED STATES OF AMERICA,
WELLS FARGO BANK, BANK OF AMERICA, and
NORWEST BANK,

      Respondents.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Respondent United States' Motion to Dismiss or for Summary Judgment and to Enforce IRS Summonses and Memorandum of Law in Support (Doc. No. 3, filed April 1, 2005). For the reasons given below, the Court shall **DEFER** ruling on Respondent United States' Motion. Because it does not currently have jurisdiction over this matter, the Court will **DENY without prejudice** the following pending motions: Respondent's Supplemental Motion to Dismiss, (Doc. No. 6, filed May 5, 2005), Respondent's Motion to Strike Petitioner's Surreply, (Doc. No. 15, filed June 22, 2005), and Petitioner's Motion to File a Surreply, (Doc. No. 16, 2005). Movants will be granted leave to refile their motions after the Court's jurisdiction over this matter has been established.

Respondent United States claims that Petitioner failed to properly serve his Petition to Quash Summons, and such failure deprives the Court of jurisdiction over this matter. (Doc. No. 3, filed April 1, 2005, at 3-4). Petitioner served his Petition to the Office of the Clerk of Court at the U.S. District Court which apparently forwarded the Petition to the U.S. Attorney's Office. (*Id.* at 4; Doc.

No. 7, filed May 5, 2005, at 2).

The Court does not have jurisdiction over this matter because Petitioner did not properly serve his Petition to Quash Summons on Respondent United States.  The Federal Rules of Civil Procedure provide that service upon the United States shall be effected

> *by delivering* a copy of the summons and of the complaint *to the United States attorney* for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of the court *or by sending* a copy of the summons and of the complaint *by registered or certified mail addressed to the civil process clerk at the office of the United States attorney* and . . .

Fed. R. Civ. P. 4(i)(1)(A) (*emphasis added*).

Rule 4 requires that Petitioner deliver or mail his Petition to the U.S. Attorney.  Delivery of his Petition to the U.S. District Court does not comply with Rule 4.  Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.  *Omni Capital International v. Rudolf Wolff & Co.,* 484 U.S. 97, 104 (1987).

Petitioner's argument that the Clerk of Court delivered the Petition to the U.S. Attorney is not persuasive.  (*See* Doc. No. 7, filed May 5, 2005, ¶¶ 4-7).  While Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint, actual notice, without substantial compliance with Rule 4, will not provide personal jurisdiction.  *See Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986).  Therefore, although the U.S. Attorney may have had actual notice of the Petition, Petitioner did not substantially comply with Rule 4 and, consequently, did not establish personal jurisdiction.

Petitioner shall have fourteen (14) days from the date of entry of this order to properly serve Respondent United States.  *See* Fed. R. Civ. P. 4(m) (if service is not made upon defendant within

120 days after the filing of the complaint, the court may direct that service be effected within a specified time).

**IT IS SO ORDERED.**

*/s/ Martha Vázquez*

**MARTHA VÁZQUEZ**
**CHIEF UNITED STATES DISTRICT JUDGE**