**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

SRBISLAV STANOJEVICH,

       Petitioner,

v.                                                        No. MC-05-18 MV

UNITED STATES OF AMERICA,
WELLS FARGO BANK, BANK OF AMERICA, and
NORWEST BANK,

       Respondents.

**MEMORANDUM OPINION AND ORDER**

      **THIS MATTER** comes before the Court on Petitioner Srbislav Stanojevich's Petition to Quash Summons (Docket No. 1, filed March 17, 2005); on his Motion to Claim and Exercise Constitutional Rights (Docket No. 24, filed March 10, 2006), on his Motion to Demand This Court Read All Pleadings (Docket No. 25, filed March 10, 2006), and on his Motion for Summary Judgment (Docket No. 26, filed March 10, 2006). The Court shall also address Respondent United States' Motion to Dismiss or for Summary Judgment and to Enforce IRS Summonses (Docket No. 3, filed April 1, 2005); and its Second Motion to Dismiss or for Summary Judgment and to Enforce IRS Summonses (Docket No. 27, filed March 16, 2006).

      On March 17, 2005, Mr. Stanojevich filed a Petition to Quash several summonses directed to various banks. The summonses had been issued by Agent Steve Cordova of the Internal Revenue Service (IRS). According to the parties, the only summons that is now before the Court is the one issued to the Bank of America (BOA). *See* Doc. 3 at 2 ("The IRS is no longer seeking information

1

from Norwest [Bank] since it learned that Norwest is now Wells Fargo."); *id.* Doc. 9 at 3 (conceding that "[t]his Court does not have jurisdiction over the Wells Fargo summons, and only enforcement of the Bank of America summons is at issue"); *id.* Ex. D1 (copy of Mr. Stanojevich's file-stamped petition to quash the summons issued to the Wells Fargo Bank in Portland, Oregon). The United Stated District Court for the District of Oregon recently dismissed Mr. Stanojevich's petition to quash the summons issued to the Wells Fargo Bank in Portland Oregon as untimely filed. *See* Doc. 31, Ex. A.

## I.  Undisputed Facts

The IRS asserts, and Mr. Stanojevich does not deny, that Mr. Stanojevich did not file federal income taxes for the years 1997-1998 and 2001-2003. On November 1, 2004, the IRS sent Mr. Stanojevich a letter asking him to provide information about any unreported offshore activity he may have participated in. Doc. 13, Ex. A. Mr. Stanojevich claims that the letter was no more than a "witch hunt." Doc. 13 at 2. In mid-January 2005, Mr. Stanojevich was asked to meet informally with Agent Cordova on February 1 to produce documents and discuss his returns. Doc. 9, Ex. C2. Mr Stanojevich declined, stating that he needed to assist his ailing mother and would be out of town on that date and until March 20, 2005. *Id.* Ex. C3. He proposed meeting before a court reporter on March 27, 2005, which fell on a Sunday. *Id.* He also asked Agent Cordova to explain, in advance and in writing, the facts on which Agent Cordova based statements in the IRS letter; to explain "the factual time line when, where, why, and how I have become a tax payer;" to put in writing any questions Agent Cordova wanted to ask him; and to explain who owns the books and records a person may have. *Id.* Upon receiving this correspondence, Agent Cordova determined that meeting with Mr. Stanojevich would "not be

fruitful, nor did I see the need to meet with him on a Sunday." *Id.* Ex. C.

Pursuant to authority provided by 26 U.S.C. § 7602(a), Agent Cordova issued a summons to the BOA so that he could examine Mr. Stanojevich's personal income and financial activities as demonstrated by loan applications, monthly statements, financial statements, payments, and deposits. Notice of the summons was properly given and Mr. Stanojevich timely filed his motion to quash.

The government moved for summary judgment on April 1, 2005, urging denial of the petition to quash and requesting enforcement of the summons. This Court deferred ruling on the merits of the motion because the government demonstrated that it had not been properly served with the motion to quash. Mr. Stanojevich served the government on March 10, 2006, and the pending motions are now properly before this Court.

## II.  The government's motion for summary judgment and for enforcement

> [The] IRS has broad authority to issue summonses in support of its efforts to determine taxpayers' tax liabilities. To enforce the summonses, [the] IRS must show that the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the [IRS] Commissioner's possession, and that the administrative steps required by the Code have been followed.

*Codner v. United States*, 17 F.3d 1331, 1332 (10th Cir. 1994) (citations and internal quotation marks omitted). "[T]he administrative steps required by the Code . . . are that the 'Secretary or his delegate,' after investigation, has determined the further examination to be necessary and has notified the taxpayer in writing to that effect." *United States v. Powell,* 379 U.S. 48, 58 (1964).

A person challenging the enforcement of a summons "must establish any defenses or . . . prove that enforcement would constitute an abuse of the court's process. He must prove a lack

of good faith, that the government has abandoned in the institutional sense its pursuit of possible civil penalties." *United States v. Balanced Financial Mgmt., Inc.*, 769 F.2d 1440, 1444 (10th Cir. 1985) (citation and internal quotation marks omitted).

The record shows that the summons was issued for a legitimate purpose: to determine whether Mr. Stanojevich has a tax liability for the years in which he filed no federal returns. The summons is relevant to that purpose because (1) no company filed a W-2 form for Mr. Stanojevich; (2) Mr. Stanojevich had business accounts at the BOA for a company that, as of May 2005, was still registered in New Mexico (although the corporate status is "in the process of revocation"), *see* Doc. 9, Ex. C4; and (3) the BOA's financial records may reveal receipt of taxable income and/or activities indicating that Mr. Stanojevich has business interests or other income. Agent Cordova swore in his affidavit that the IRS does not have this financial information already in its possession, and that the requisite procedural steps had been followed.

On this record, as in *Codner*, the "IRS met its burden of showing the prima facie legitimacy of the summonses in this case through the affidavit of the special agent who issued them." *See* 17 F.3d at 1332-33 (noting that the "IRS's burden is 'slight' and is generally met through [the] affidavit of [the] agent issuing [the] summons and seeking enforcement"). Mr. Stanojevich challenges enforcement of the summons on several bases.

First, he insists that, before the IRS may properly investigate his finances, it must first demonstrate a legitimate purpose by showing him the "law or act that is making Petitioner liable for personal income tax." Doc. 13 at 5. While conceding that the IRS has the authority to inquire into the financial status of "all persons . . . who may be liable to pay any internal revenue tax," 26 U.S. § 7601(a), Mr. Stanojevich insists that the IRS must first show that he is actually liable for

4

taxes before it may issue summonses.  *See* Doc. 13 at 5.  In other words, Mr. Stanojevich asserts that the IRS must prove his tax liability without being able to issue the summonses essential to obtaining records that would establish his income.  Clearly, this argument is frivolous.

Mr. Stanojevich next argues that the IRS's inquiry is not relevant because he allegedly no longer owns the only New Mexico company for which he is the registered owner and agent.  In another portion of his brief, he asserts that "[i]t is clear that [he] did not have nor does have any income."  Do. No. 13 at 11.  But Mr. Stanojevich filed no affidavits in response to the government's motion for summary judgment, which the Tenth Circuit has held is fatal to a *Powell* defense:

> In responding to the Government's showing, it is clear that a taxpayer must factually oppose the Government's allegations by affidavit.  Legal conclusions or mere memoranda of law will not suffice.  Allegations supporting a 'bad faith' defense are . . . insufficient if conclusionary.  If at this stage the taxpayer cannot refute the government's prima facie *Powell* showing or cannot factually support a proper affirmative defense, the district court should dispose of the proceeding on the papers before it and without an evidentiary hearing.

*Balanced Financial Mgmt.*, 769 F.2d at 1444 (citations and internal quotation marks omitted).  It is precisely because the extent of Mr. Stanojevich's income is not clear and he has failed to file tax returns that independent inquiry into his financial records is necessary.

Mr. Stanojevich next argues that administrative steps have not been properly followed, but he complains only of service to Wells Fargo Bank NM, which is not a subject of the relevant BOA summons.  This argument is therefore without merit.  Further, the record shows that Mr. Stanojevich was given sufficient notice of the BOA summons, and that the summons is only for documents that Mr. Stanojevich has either already received from the bank, like bank statements, or documents that he has full access to, like his loan applications and financial statements.  Thus

Mr. Stanojevich's due process rights will not be violated by the absence of an opportunity to appear before Agent Cordova when Agent Cordova receives these documents by mail.  Mr. Stanojevich is simply wrong in his assertion that the IRS cannot mandate production of documents without also summoning the bodily appearance of the third party that is producing the documents.  Because Agent Cordova has not issued a summons for third-party testimony, Mr. Stanojevich has no right to demand to be present when Agent Cordova receives the bank documents.

    Next, Mr. Stanojevich asserts that the BOA summons is not valid because it is obvious to him that Agent Cordova is conducting both a criminal and a civil investigation, even though Agent Cordova swore in his affidavit that there has been no criminal referral to the Department of Justice.  There is no factual or legal support for Mr. Stanojevich's position.  Before 1982, the Internal Revenue Code allowed IRS summonses to be enforced only when the purpose of the investigation was to determine potential civil tax liability.  Courts held that  § 7602 did not authorize the issuance of an IRS summons "for the improper purpose of obtaining evidence for use in a criminal prosecution." *Reisman v. Caplin*, 375 U.S. 440, 449 (1964); *see United States v. LaSalle Nat'l Bank*,  437 U.S. 298, 318 (1978) (holding that "the summons must be issued before the Service recommends to the Department of Justice that a criminal prosecution, which reasonably would relate to the subject matter of the summons, be undertaken").  In 1982, however, Congress amended § 7602 to permit the issuance of a summons also for "the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws." 26 U.S.C. § 7602(b).  Thus, *Reisman* and *LaSalle* no longer control the issue of summons on that point.   Even if the bank documents Agent Cordova receives may also be

6

relevant to a future criminal prosecution, it is clear that the documents will validly assist the IRS in establishing income and tax liability, if any exists.

Mr. Stanojevich has failed to present evidence sufficient to challenge the enforcement of the summons or to require an evidentiary hearing in the matter. *See Balanced Financial Mgmt.*, 769 F.2d at 1444. The Court will, therefore, grant the government's motion for enforcement of the BOA summons.

### III.  Mr. Stanojevich's motions

Accordingly, the Court will deny Mr. Stanojevich's petition to quash the summons and his motion for summary judgment. Mr. Stanojevich's "Motion to Claim and Exercise Constitutional Rights and Require the Presiding Judge to Rule Upon this Motion, and all Public Officers of This Court to Uphold Said Rights" is nonsensical. For the purposes of his motion, Mr. Stanojevich claims to change his status from that of a United States citizen, *see* Doc. 1 at 1 ("Petitioner is a citizen of the United States and entitled to the protection of its laws") to that of an "American National" whose motion is made "without accepting the jurisdiction of the court," *see* Doc. 24 at 1. For this reason, the Motion will be denied.

In his "Motion to Demand This Court Read All Pleadings Petitioner Files With This Court, And Adhere Only to Constitutionally Compliant Law and Case Law, And more Particularly, the Bill of Rights, in its Rulings," Mr. Stanojevich demands, without citing any legal authority for his premise, that I "acknowledge that American Nationals, in the instant case, Srbislav Stanojevich, are Sovereign in this Nation." Do. 25 at 2. Because this is not true, I will deny his motion. As to his demands that I read his pleadings and adhere to the law in resolving the various motions, I assure Mr. Stanojevich that I have already taken an oath to do so, and that

7

I take that oath very seriously.

**Now, therefore**, Respondent United States' motion for summary judgment and for enforcement of its summons to the Bank of America (Docket No. 3) is GRANTED; its second motion for summary judgment (Docket No. 27) is DENIED as moot; Petitioner Stanojevich's Petition to Quash Summons (Docket No. 1) is DENIED; his motion for summary judgment (Docket No. 26) is DENIED; and his motions claiming Constitutional rights (Docket No. 24) and demanding this court read his pleadings (Docket No. 25) are DENIED.

**IT IS SO ORDERED.**

_____
**MARTHA VÁZQUEZ**
**CHIEF UNITED STATES DISTRICT JUDGE**